**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re DANIEL R. OSTEEN and RHONDA G. OSTEEN, <br><br> Debtors, | ) Case No. 09-63551-LYN <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

This matter comes before the court on a motion by the Chapter 7 trustee to employ the law firm of Scott Kroner, P.L.C. ("Scott Kroner"). Daniel R. Osteen and Rhonda G. Osteen ("the Debtors") oppose the motion.

*Jurisdiction*

This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

*Facts*

On December 12, 2006, the debtors refinanced the mortgage on their principal residence through WMC Mortgage Corp. ("WMC"). The Deed of Trust was not recorded. On December 11, 2008, Richard T. Cregger ("Cregger"), the trustee under the Deed of Trust, filed a complaint in the Fluvanna County Circuit Court against the Debtors requesting that the Court enter an Order "confirming" that WMC had a perfected first lien security interest in the debtor's property.

1

Cregger also filed a Notice of Lis Pendens in the county land records.

The parties entered into a settlement agreement (the "Fluvanna Settlement Agreement") which the Debtors executed in March of 2009. Pursuant to the Fluvanna Settlement Agreement, the Debtors signed and delivered to Cregger a Deed of Confirmation of Deed of Trust and Affidavit of Lost Instrument ("the Deed of Confirmation"). The Deed of Confirmation was recorded on July 27, 2009.

The Fluvanna Settlement Agreement provided that Cregger was to "[p]romptly . . . file with the Court a Motion for Voluntary Dismissal as to the Osteens and request that the Lis Pendens be released." The Debtors received no other consideration under the Pre-petition Settlement Agreement. On October 29, 2009, WMC nonsuited the lawsuit and filed a partial release of a lis pendens that it had filed.

On November 4, 2009, the Debtors filed the above-styled Chapter 13 petition. On November 19, 2009, the Debtors filed a complaint ("the Adversary Complaint") initiating Adversary Proceeding no. 09-06127. The Debtors named Cregger, Saxon Mortgage Services, Inc. ("Saxon"), Ocwen Loan Servicing, LLC ("Ocwen"), which had serviced the loan, Ralph E. Main as trustee, and American General Financial Services, Inc. ("American General"), as defendants. Deutsche Bank National Trust Company ("Deutsche Bank") was the noteholder as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust HE6 Mortgage Pass-through Certificates, Series 2007-HE6. Deutsche Bank was not joined because the Debtors were unaware of its identity at the time.

The first cause of action in the Adversary Complaint sought to avoid the Deed of Confirmation under Section 548(a)(1)(b) as a fraudulent conveyance on the asserted grounds that

the Debtors never received the consideration that they bargained for under the Pre-petition Settlement Agreement. The other causes of action were brought against American General under The Truth in Lending Act and Section 506(a) of the Bankruptcy Code.

The parties came to an agreement and the Debtors filed a Motion to approve a settlement agreement ("the AP Settlement Agreement"). Pursuant to the AP Settlement Agreement, the Debtors received a total of $6,000 from Saxon and Ocwen, as well as certain mortgage concessions. These concessions were incorporated into an Order Approving Settlement which was entered by the Court on June 4, 2010 ("the AP Settlement Order").

On July 20, 2010, this case was converted to a case under Chapter 7. The Chapter 7 trustee filed a motion to employ Scott Kroner to investigate and potentially prosecute a cause of action under Section 548 against the holder of the note. The Debtors oppose the motion to employ Scott Kroner on the grounds that the Chapter 7 trustee is barred by the doctrine of res judicata from bringing the action under Section 548.

*Discussion*

The question before the court is whether the Chapter 7 trustee may employ counsel to prosecute an action under Section 548. If the doctrine of res judicata does not bar the Chapter 7 trustee from prosecuting such an action, then the motion to employ must be granted.

"Under the doctrine of *res judicata*, a final judgement on the merits of an action precludes the parties or their privies from relitigating issues [and claims] that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 414-415, 66 L. Ed. 2d 308 (1980). The Supreme Court has observed that, "no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas."

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois,* 402 U.S. 313, 333-34, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). "In the end, decision will necessarily rest on the trial courts' sense of justice and equity." Id. at 334.

The doctrine of res judicata, or claim preclusion, bars a party from asserting a cause of action in a lawsuit if there has been a final judgment on the merits resolving that same cause of action in a prior lawsuit which judgment bound the same parties or their privies. See Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009).[1]

The Debtors assert that the Chapter 7 trustee is barred because he is in privity with the Chapter 13 trustee [2] and the Chapter 13 trustee would be barred by virtue of the AP Settlement Agreement and AP Settlement Order. The Court disagrees.

The problem in this instance, from the perspective of the Debtors, is that the Chapter 13 trustee was not bound by the AP Settlement Agreement and AP Settlement Order. First, the Debtors did not have authority[3] to bring an action under Section 548. Second, neither the AP

---

[1] In Aracoma Coal, the Court wrote:

> Res judicata or claim preclusion bars a party from suing on a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed.2008). For res judicata to prevent a party from raising a claim, three elements must be present: "1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir.1990).

[2] The Chapter 7 trustee would be in privity with the Chapter 13 trustee with regard to any claim. See, e.g., In re Hi Tech Fleet Service, Inc., 339 B.R. 428 (Bankr. E.D. Mich. 2006) (Holding that the Chapter 7 trustee was barred from bringing a cause of action to recover money that had been paid to secured creditors pursuant to a court-approved sale of the debtor's real property during the pendency of the case under Chapter 11.).

[3] The term "standing" is most often used to refer to this concept. At least one court has questioned the use of the term "standing" in this context, opting instead to use the term "authority" when not referring to injury, causation and redressability. See In re Grede v. Bank of N.Y. Mellon, 598 F.3d 899 (7th Cir. 2010). It would appear that the term "authority" is more appropriate.

Settlement Agreement nor the AP Settlement Order "resolved" the Section 548 cause of action. Finally, the Chapter 13 trustee was not a party to the litigation.

First, the Debtors did not have statutory authority to bring a cause of action under Section 548(a)[4] in this instance. Section 548(a) provides that a trustee may avoid certain transfers. It does not grant such authority to a Chapter 13 debtor.

Section 522(h)[5] does provide that a Debtor may avoid a transfer of property under Section 548, but only under certain circumstances. The statute provides five criteria that must be satisfied before a debtor may bring an avoidance action on his or her own behalf: (a) the transfer

---

[4]  Section 548(a) provides:

(a)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
  (ii)  (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
  (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
  (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
  (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

[5]  Section 522(h) provides:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--
  (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
  (2) the trustee does not attempt to avoid such transfer.

5

could have been avoided by the trustee; (b) the debtor could have exempted the property in question under Section 522(b); (c) the trustee cannot or will not seek to avoid the transfer; (d) the debtor did not transfer the property voluntarily; and (e) the debtor did not conceal the property. See 5 Collier on Bankruptcy §548.02[7] (16th Ed. 2011).  If the property in question may not be exempted, then the individual debtor may not bring an avoidance action, even if the trustee has failed or refused to act.  See Wood v. Mize (In re Wood), 301 B.R. 558 (Bankr. W.D. Mo. 2003) and In re Dyson, 348 B.R. 314 (Bankr. E.D. Va. 2006).   In this instance, the Debtors could not have exempted the "property" that was transferred, because the "property" in question was the perfection of a consensual lien on the Debtors' residence by recordation and Section 522(b) makes no provision for exempting such "property" (if there is such a concept as exempting the recordation of a right).

Second,  neither the AP Settlement Agreement or the AP Settlement Order "resolved" the Section 548 cause of action.  While the cause of action under Section 548 does appear in the Complaint, that cause of action was not specifically resolved by the AP Settlement Agreement. Accordingly, there was no judgment on the merits concerning the Section 548 cause of action.

Third, to the extent that the Section 548 cause of action was resolved, it did not bind either the Chapter 13 trustee or the Chapter 7 trustee because the Chapter 13 trustee was not a party to the litigation.   The Complaint was not served on the Chapter 13 trustee.  The Chapter 13 trustee was not named as a defendant in the complaint.  The Chapter 13 Trustee endorsed the AP Settlement Order as "Seen; no objection" but never received certified service of the AP Settlement Agreement.  The Chapter 13 trustee cannot be bound by the cause of action.

### *Conclusion*

The Debtors assert that the Chapter 7 trustee is barred from filing a complaint against the holder of a note secured by their residence based on an agreement that resulted from litigation to which neither the Chapter 7 trustee nor the predecessor Chapter 13 trustee was a party based on a cause of action which the Debtors did not have authority to bring and which was not resolved by the settlement agreement. The assertion is without merit. The motion to employ counsel will be granted.

## **ORDER**

The motion of the Chapter 7 trustee to employ the law firm of Scott Kroner, P.L.C. shall be, and hereby is, granted.

Upon entry of this Memorandum the Clerk shall forward copies to Stephen Scott, Esq., Richard Shephard, Esq., and the Chapter 7 trustee.

Entered on this __12th__ day of September, 2011.

_____
William E. Anderson
United States Bankruptcy Judge